IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALAN WOOLSEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-137-WKW |
| | ) [WO] |
| WARDEN WASHINGTON, | ) |
| | ) |
| Respondent. | ) |

**<u>ORDER</u>**

Petitioner Alan Woolsey filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was docketed on February 18, 2025. (Doc. # 1.) In his petition, Petitioner asked the court to

> (a) apply First Step Act time credits (FTC[]s) beginning 10/07/2017, the date of Petitioner's sentencing, (b) apply 15[] days of FTC[]s per month beginning on 5/14/2020, the date of his 2nd consecutive assessment as a low [recidivism-risk level], (c) calculate and apply FTC[]s at the rate stipulated in the [FSA] . . . thus transferring [Petitioner] to prelease custody immediately[,] [and] (d) if eligible, apply any Second Chance Act (SCA) rewards towards Petitioner's prerelease date.

(Doc. # 1 at 6.)

At the time of filing, Petitioner was proceeding *pro se* and incarcerated at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"). By Order dated October 2, 2025, Joseph Mitchell McGuire was appointed as counsel for Petitioner. (Doc. # 22.) On December 15, 2025, Respondent filed a supplemental response and notice of mootness. (Doc. # 27.) Respondent's response noted (and the court agrees)

that Petitioner's transfer to prerelease custody moots his § 2241 petition. (*See* Doc. # 27 at 11–15.)

Before the court is Petitioner's unopposed motion for an extension of time to file a reply brief. (Doc. # 28.) The motion states that "Plaintiff was recently released from [FPC Montgomery] to supervised release in his hometown." (Doc. # 28 at 1, ¶ 4.) Because Petitioner has been transferred to supervised release, there is no longer a case or controversy to litigate, and this court is unable to provide any meaningful relief to Petitioner. *See Adams v. Washington*, 2025 WL 2174855, at *1–2 (M.D. Ala. July 31, 2025) (dismissing a § 2241 petition as moot where the petitioner had been transferred to prerelease custody at a residential reentry center); *see also Singleton v. Neely*, 2023 WL 9550049, at *3–4 (N.D. Ala. Dec. 21, 2023) (recommending dismissal of § 2241 petition as moot because the petitioner received her requested relief upon her transfer to prerelease custody), *R&R adopted*, 2024 WL 3640177 (N.D. Ala. Feb. 7, 2024).

Based on the foregoing, it is ORDERED as follows:

(1)  Petitioner's motion for an extension to file a reply brief (Doc. # 27) is DENIED as moot;

(2)  The evidentiary hearing on the merits scheduled for January 22, 2026 at 9:00 a.m. is CANCELLED; and

(3)  The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. # 1) is DISMISSED without prejudice as moot.

3

Final Judgment will be entered separately.

DONE this 7th day of January, 2026.

                                              /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE